```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA          *     CRIMINAL ACTION

VERSUS                            *     NO. 02-337

AGUSTIN PEREZ-MERCADO             *     SECTION "B"
```

### ORDER AND REASONS

The petitioner has filed for federal habeas corpus relief pursuant to 28 U.S.C. § 2255. (Rec. Doc. No. 16). In support, petitioner contends this Court's enhancement of sentence, without a jury conviction, was improper in light of the Supreme Court's decisions in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United States v. Booker</u>, 543 U.S. 220 (2005). (Rec. Doc. No. 16). Noteworthy is the absence of an appeal from the sentence at issue. For the following reasons, **IT IS ORDERED** that Perez-Mercado's motion for relief (Rec. Doc. No. 16) is **DISMISSED**.

### BACKGROUND

On November 14, 2002, the Federal Grand Jury returned a one count indictment charging Agustin Perez-Mercado (hereinafter "Perez-Mercado") with reentry of a deported alien previously convicted of an aggravated felony, a violation of 8 U.S.C. § 1326(a) and (b)(2). (Rec. Doc. No. 1). The indictment charged that

Perez-Mercado, who had previously been deported and removed subsequent to convictions for aggravated felonies, *i.e.*, "sale/transportation/offer to sell a controlled substance to wit: cocaine, in violation of Section 11352(a) of the California Health and Safety Code, and possession of a narcotic substance for sale to wit: cocaine, in violation of Section 11351 of the California Health and Safety Code," was found in New Orleans, Louisiana, without obtaining the consent of the Attorney General to reapply for admission into the United States. (Rec. Doc. No. 1).

On January 8, 2003, Perez-Mercado pled guilty to the indictment without a plea agreement. (Rec. Doc. No. 12). The Presentence Report ("PSR"), adopted as accurate by the Court, and unobjected to until now, scored Perez-Mercado's base offense level at eight, in accordance with § 2L1.2 of the United States Sentencing Guidelines. (PSR, para. 14). Because Perez-Mercado was deported subsequent to sustaining a drug trafficking conviction in December 1998, his offense level was increased by 16 levels pursuant to § 2L1.2(b)(1)(A). (PSR, para. 15). After a three level reduction for acceptance of responsibility, Perez-Mercado's total offense level was 21. (PSR, paras. 20-23). With a criminal history category of V, his guideline range was 70 to 86 months. (PSR, para. 48). No objections were filed by either party to the PSR. (Addendum to the PSR).

On April 16, 2003, this Court sentenced Perez-Mercado to a 70 month term of imprisonment, to be followed by a two year term of

supervised release. (Rec. Doc. No. 15). This judgement was entered on April 17, 2003. (Rec. Doc. No. 15). On March 7, 2005, Perez-Mercado filed the instant motion. (Rec. Doc. No. 16).

## LAW AND ANALYSIS

Unless an exception applies, a motion filed pursuant to 28 U.S.C. § 2255 has a one year period of limitation, which (for the petitioner) runs from the date on which the judgment of conviction became final.[1] Neither the Supreme Court nor the Fifth Circuit have directly addressed the issue of when an unappealed federal criminal judgment becomes final for purposes of § 2255. *See* United States v. Cruz-Garcia, 2005 WL 2060976, at *2 (E.D. La. Aug. 23, 2005) (Lemelle, J.). However, three federal appeals courts have issued rulings on this issue, finding that a final conviction occurs at the expiration for filing a direct appeal. Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct

---

[1] 28 U.S.C. § 2255 states:
"A 1-year period of limitation shall apply to a motion under this section. The limitation shall run from the latest of–
   (1) the date on which judgment of conviction became final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the constitution or laws of the United States is removed, if the movant was prevented from making a motion by the governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); Sanchez-Castellano v. United States, 358 F.3d 424 (6th Cir. 2004). Federal Rule of Appellate Procedure 4(b)(1) describes when the time for filing a direct appeal expires: "In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after . . . the entry of . . . the judgment." *See* Sanchez-Castellano, 358 F.3d at 428 ("[A]n unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations."). Perez-Mercado's final judgment was entered on April 17, 2003 (Rec. Doc. No. 15). By applying the 10-day provision in Federal Rule of Appellate Procedure 4(b)(1), excluding Saturdays, Sundays and legal holidays[2], the petitioner's opportunity to timely file an appeal expired on May 1, 2003. No appeal was filed by that day, making it the date his conviction became final pursuant to 28 U.S.C. § 2255.

A motion pursuant to 28 U.S.C. § 2255 must be filed by petitioner within one year of the date the judgement of conviction is final (here, May 1, 2003), so a timely motion in the instant case must have been filed by April 30, 2004. Perez-

---

[2] Fed. R. App. P. 26(a)(1) states: "Exclude intermediate Saturdays, Sundays and legal holidays when the period is less than 11 days, unless stated in calendar days."

Mercado filed this motion on March 7, 2005. (Rec. Doc. No. 16). Thus, unless an exception renews the one year period of limitation, his motion must be denied as time-barred.

In construing Perez-Mercado's motion liberally, as required for *pro se* briefs pursuant to Haines v. Kerner, 404 U.S. 519 (1972), petitioner claims that such an exception in fact applies. He argues that the one year period of limitation should run not from the date his conviction became final, but instead from January 12, 2005, the date United States v. Booker was decided by the Supreme Court.[3] 28 U.S.C. § 2255 allows such an exception, running the period of limitation from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In sum, petitioner here claims that the rule in Booker, effectively making the Federal Sentencing Guidelines no longer mandatory, is a newly recognized right made retroactively applicable to cases on collateral review (thus renewing the one year period of limitation on January 12, 2005). (*See* Rec. Doc. No. 16). However, governing law in this Circuit expressly rejects this claim, and requires a dismissal for timeliness. *See* United States v. Gentry, 432 F.3d 600 (5th Cir. 2005).

---

[3] Petitioner's filing was also within one year of Blakely v. Washington, decided June 24, 2004. (Rec. Doc. 16).

5

In Booker, the Supreme Court held that the mandatory nature of the United States Sentencing Guidelines violated a defendant's Sixth Amendment right to a trial by jury, when the sentence is increased based on facts found by the judge that were neither admitted by the defendant nor found by a jury. *See* Booker, 543 U.S. 220. The Court expressly noted that its decision would apply retroactively to all cases on direct review. *See* id. at 268. After Booker, the question remained unanswered whether the holding is retroactively applicable to cases on collateral review, which would have the practical effect for petitioner of renewing the one year period of limitation.

In a recent decision, the Fifth Circuit joined every other Court of Appeals to consider the issue, to hold that Booker is not retroactively applicable on collateral review. *See* United States v. Gentry, 432 F.3d 600 (5th Cir. 2005); *see also,* Lloyd v. United States, 407 F.3d 608, 610 (3d Cir. 2005)("All courts of appeals to have considered the issue of whether the rule of law announced in [Booker] applies retroactively to prisoners who were in the initial § 2255 motion stage as of the date that Booker issued have concluded that it does not. We now join those courts."); United States v. Bellamy, 411 F.3d 1182, 1188 (10th Cir. 2005) ("Thus, like Blakely, Booker does not apply retroactively on collateral review, and Bellamy's claim may not be brought in this initial habeas review under 28 U.S.C. § 2255."); Guzman v. United States, 404 F.3d 139, 141 (2d Cir.

6

2005)("The several courts of appeals that have considered the retroactivity question have held that Booker is not retroactive . . . we agree."); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005)(per curiam) ("[W]e conclude that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005)("[W]e conclude that Booker's rule does not apply retroactively in collateral proceedings . . ."); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005)("Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) ("[T]he [Booker] rule is not available for post-conviction relief for federal prisoners . . . whose convictions became final before Booker (or Blakely) was decided."); United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005); Never Misses a Shot v. United States, 413 F.3d 781 (8th Cir. 2005) (per curiam). Thus, the rule in Booker does not apply retroactively to cases on collateral review. Consequently, the exception petitioner relies upon to evade the timeliness requirement of 28 U.S.C. § 2255 is unavailable to him. Therefore the one year period of limitation began May 1, 2003, not January 12, 2005, and expired April 30, 2004.

7

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED THAT** the instant motion is **DISMISSED** as untimely.

New Orleans, Louisiana, this 14th day of February, 2006.

UNITED STATES DISTRICT JUDGE